DUCKER, JUDGE:
Claimants, Larry Dolin and Emma Lou Dolin, husband and wife respectively, allege damages in the sum of $10,000.00 on account of injuries sustained and medical expenses incurred by reason of said Emma Lou Dolin falling from a bicycle she was riding, the front wheel of which hitting a large hole in a blacktop road on Camp Creek off of Route 3, in Boone County, West Virginia, between noon and one o’clock on April 28, 1969.
The evidence is substantially the following: Emma Lou Dolin, a resident of Mantua, Ohio, was visiting her husband’s parents in Boone County, and that she rode a bicycle to' a school where her brother, age 15, was, and as she was returning to her place of visit with the brother on the back seat or place behind her on the bicycle, the wheel of the bicycle hit and went into a large hole in the road, causing her to be thrown off of the bicycle onto the road and to suffer injuries to her *253 eye, face, and abrasions on her arms and knees and pains in her back. The hole in the road described as being round, a foot and a half wide, and a “little bigger” lengthwise. The day was bright and sunny and visibility was good. The depth of the hole was stated to be knee deep and one witness said it was waist deep.
One witness said he lived 150 yards from the place of the accident and that when he was sitting under an apple tree near his house he saw the accident; that the hole in the road could not be seen until a person was “right on it,” and that it had been there for four or five months but the Road Commission had filled up the hole after the accident and had later blacktopped the road.
A witness for the Respondent testified that although there was a little bank or rise in the road shortly before one approaches the place of the hole, the hole was visible ahead some 50 to 55 feet and that one’s vision of the hole was not obscured, and that the hole was partly in the traveled part of the highway and partly in the berm.
No evidence that notice of the hole was given to the Respondent. It appears that as it was early Spring there were other holes in and along the highway in that vicinity.
Claimant testified that she had passed over that part of the road on her way to the school to pick up her brother and she then had to go around some of the holes and that nothing prevented her from seeing the hole. She was not well acquainted with the road although she was in the area about two months before the accident. Claimant, the husband, testified that when he had driven an 'automobile over the hole he did not lose control of the oar, but only that if “throwed me quite a bit.”
The bicycle was ridden with Claimant on the seat and het brother behind her “on the seat or the metal,” the latter referring to the “fender with the long extra piece that goes on the back” and “over the back so someone can sit on the back.” Whether this bicycle can be classified as one which cannot be ridden legally by more than one person is difficult to determine, but in view of our finding as hereinafter contained, it is not necessary to determine such question in this case.
*254 Considering all the facts in the case, particularly the fact that the hole was a large one as it appears from the picture exhibits as well as the testimony, the fact that it was plainly observable a distance of 50 to 55 feet, the fact that Claimant had previously observed many holes, though smaller, as she had traveled the road on her way to get her brother, and that the weather was clear and dry, we are of the opinion that Claimant could and should have seen the hole and avoided it, and that her failure to do so constitutes contributory negligence which deprives her of a valid claim for damages for her injuries, which by the exercise of proper care she could have avoided.
We, therefore, deny the claims of the two' Claimants, and make no- award herein.
Claim disallowed.